**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

**CHERNIN'S SHOE OUTLET, LLC,**

        **Plaintiff,**

    **v.**                         **Civil Action No.  AW-04-3893**

**SECURITY SQUARE ASSOCIATES, *et al*.**

        **Defendants.**

---

**MEMORANDUM OPINION**

This case concerns an antitrust dispute involving Plaintiff Chernin's Shoe Outlet's ("Chernin" or "Plaintiff") attempt to open a shoe store in the shopping mall of Defendants Security Square Associates, MDR Security Square Limited Partnership, and MDR Security Square, Inc. (collectively, "Security Square" or "Defendant").  Pending before this Court is Defendant's Motion for Summary Judgment [56] and Plaintiff's Motion for Voluntary Dismissal with Prejudice [58]. The motions and the oppositions to the motions have been fully briefed.  This Court has reviewed the pleadings and determined that no hearing is necessary.  *See* Local Rule 105(6) (D. Md. 2004). For the reasons stated below, this Court will grant Plaintiff's Motion to Dismiss with Prejudice.

**FACTUAL & PROCEDURAL BACKGROUND**

In June of 2004, Chernin began negotiating with Security Square for the purpose of establishing a store in Security Square's shopping mall.  On October 15, 2004, Security Square sent lease documents to Chernin's agent.  Subsequently, Chernin signed and placed the lease documents in the mail.  On October 25, 2004, Security Square notified Chernin of its decision not to accept Chernin as a tenant.  Prior to this notification, Meir Duke, the owner and president of Bare Feet

Enterprises, Inc. ("Bare Feet"), a competitor of Chernin, had consulted with Security Square concerning the Chernin lease.  On October 1, 2004, a supplier of both Bare Feet and Chernin telephoned Chernin and indicated that if Chernin did not remove certain shoes from its inventory, Bare Feet would cease to make purchases from that supplier.  On the same day, another vendor communicated to Chernin that Meir Duke would discontinue Bare Feet's purchases from that vendor unless that vendor refused to thereafter act as a supplier for Chernin.

On December 10, 2004, Plaintiff filed a Complaint in this Court against Bare Feet Enterprises, Inc., Meir Duke, and Security Square for antitrust and restraint of trade violations, breach of contract, and interference with contractual relations.  On August 22, 2005, the breach of contract and interference with contractual relations claims were dismissed by an order of this Court. On April 10, 2006, after the parties engaged in some discovery, Plaintiff asked all defendants to agree to a Stipulation of Dismissal.  Pursuant to an agreement with Bare Feet and Meir Duke, a Stipulation of Dismissal with respect to those defendants was filed on May 1, 2006.  On the same day, Security Square, which refused to agree to the Stipulation of Dismissal, filed the instant Motion for Summary Judgment.  On May 2, 2006, Plaintiff filed the instant Motion of Voluntary Dismissal with Prejudice.  Currently, both motions are ripe and ready for review.  An opinion will now issue.

## ANALYSIS

Defendant argues that its Motion for Summary Judgment should be granted or that Plaintiff's Motion for Voluntary Dismissal with Prejudice should be conditioned on Plaintiff paying Defendant's attorney's fees.  Pursuant to Fed. R. Civ. P. 41(a)(1), a plaintiff is able to unilaterally proceed to a voluntary dismissal if an answer or motion for summary judgment, in response to the plaintiff's complaint, has not yet been filed.  When there is a pending motion for summary judgment, the court has the discretion to grant or deny the motion for voluntary dismissal. Fed. R. Civ. P. 41(a)(2); *see also Davis v. USX Corp.,* 819 F.2d 1270, 1273 (4th Cir. 1987).  In adjudicating a Rule

41(a)(2) motion, district courts have applied a non-exclusive, multi-factor test, consisting of: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of litigation, i.e., whether a motion for summary judgment is pending." *Wilson v. Eli Lilly & Co.*, 222 F.R.D. 99, 100 (D. Md. 2004).  Absent substantial prejudice to a defendant, a plaintiff's Rule 41(a)(2) motion should not be denied.  *Kyte v. College of Southern Maryland*, No. 03-2558, 2005 WL 396306, at *1 (D. Md. 2005).

Granting a plaintiff's request for voluntary dismissal, made in response to a defendant's motion for summary judgment just before trial, would cause a defendant to suffer prejudice. *Millsap v. Jane Lamb Memorial Hospital*, 111 F.R.D. 481 (S.D. Iowa 1986) (cited in *Skevofilax v. Aventis Pasteur, Inc.*, 891 A.2d 416, 426 (Md. App. 2006)). On the other hand, "plain legal prejudice" was not found where a motion for summary judgment had been filed and some, but not an extensive amount of, discovery had occurred.  *Tyco Laboratories, Inc. v. Koppers* Co., 627 F.2d 54 (7th Cir. 1980).  *See also Bready v. Geist*,  85 F.R.D. 36 (E.D. Pa. 1979) (despite extensive discovery, a voluntary dismissal was granted because the case was not prepared for trial and the plaintiff had not intentionally delayed preparation of the action for trial); *Piedmont Resolution, LLC v. Johnston, Rivlin & Foley,* 178 F.R.D. 328 (D. D.C. 1998) (holding that defendant's substantial expenses prior to plaintiff's 41(a)(2) dismissal did not result in legal prejudice).

This Court determines that granting Plaintiff's Motion for Voluntary Dismissal with Prejudice would not cause Defendant undue prejudice. This Court notes that Defendant filed its Motion for Summary Judgment only one day before Plaintiff filed its Motion for Voluntary Dismissal, apparently in response to Plaintiff's earlier request for a Stipulation of Dismissal.  At the time of Plaintiff's 41(a)(2) motion, discovery had not come to a close as depositions had not been taken.  In addition, at least some of the litigation expenses that Defendant incurred in this proceeding stem from

Defendant's two Motions to Compel, both of which were denied.  Moreover, prejudice to Defendant is significantly lessened because Plaintiff seeks a voluntary dismissal *with prejudice*.  *See Weathers v. Consolidated Stores Corp.,* No. 02-3274, 2004 WL 35769, at *2 (D. Md. 2004). A motion for voluntary dismissal with prejudice has been considered equivalent to adjudication on the merits. *Pleasant v. Henderson*, No. 00-1179, 2000 WL 710039, at *1 (4th Cir. 2000);  *Schwarz v. Folloder*, 767 F.2d 125, 130 (5th Cir. 1985).

Absent exceptional circumstances, a defendant will not receive attorney's fees when a plaintiff dismisses an action with prejudice.  *Lawrence v. Fuld*, 32 F.R.D. 329 (D. Md. 1963).  *See also Colombrito v. Kelly*, 764 F.2d 122, 133-34 (2d Cir. 1985) ("[W]hen a lawsuit is voluntarily dismissed with prejudice under Fed.R.Civ.P. 41(a)(2), attorneys' fees have almost never been awarded.").  Exceptional circumstances that warrant shifting of attorney's fees are instances of bad faith or abuse of the judicial process.  *Hensley v. Alcon Laboratories, Inc.*, 277 F.3d 535, 543 (4th Cir. 2002) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)).  Although Defendant argues that the claims against it are frivolous and were brought in bad faith, this Court determined in its August 22, 2005 Order that a reasonable jury could find Defendant was involved in an antitrust conspiracy. On this basis, Plaintiff had substantial justification for bringing the action.  *Claibourne v. Willis*, 702 A.2d 293, 298 (Md.1997) (citations omitted).   As such, this Court does not believe that the exceptional remedy of attorney's fees is appropriate here.

**CONCLUSION**

For the reasons stated above, the Court will grant Plaintiff's Motion for Voluntary Dismissal with Prejudice, which will render Defendant's Motion for Summary Judgment moot.   An Order consistent with this Memorandum Opinion will follow.


July 12, 2006                               /s/
                                  Alexander Williams, Jr.
                                  United States District Judge